# No. 25-4542

# United States Court of Appeals
### *for the*
## Fourth Circuit

UNITED STATES OF AMERICA,

*Plaintiff/Appellee,*

– v. –

LESTER MASSEY, JR.,

*Defendant/Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND AT GREENBELT

# REPLY BRIEF OF APPELLANT

Stuart A. Berman
LERCH, EARLY & BREWER, CHARTERED
7600 Wisconsin Avenue, Suite 700
Bethesda, Maryland 20814
(301) 657-0729

*Counsel for Appellant*

CP COUNSEL PRESS    (800) 4-APPEAL • [815635]

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................ iii

SUMMARY OF ARGUMENT ........................................................................1

ARGUMENT .................................................................................................3

I. THE JURY VERDICT WAS NOT SUPPORTED BY PROOF BEYOND A REASONABLE DOUBT THAT IN 2023 MR. MASSEY KNEW THE FACTS ABOUT HIS PRIOR STATE LAW MISDEMEANOR CONVICTIONS THAT MADE HIM A PERSON PROHIBITED FROM POSSESSING AMMUNITION ...................................................................3

   A. The Government Did Not Prove That Mr. Massey Knew, More than a Decade Later, That He Had Been Convicted of Misdemeanor Offenses Punishable by More Than Two Years of Imprisonment ............................................5

      1. The Government's Evidence Was Insufficient.................5

      2. A Sufficiency Review of the Government's Evidence Cannot Consider Excluded Evidence That Was Not Presented to the Jury ...............................8

   B. This Court's Decisions in *Heyward*, *Barronette*, and *Banks* Support Overturning Mr. Massey's Conviction .............9

   C. Any Requirement That Mr. Massey Prove Lack of Knowledge of Operative Facts Would Violate Due Process........................................................................11

II. MATERIALLY FALSE REPRESENTATIONS AND OMISSIONS IN SEARCH WARRANT AFFIDAVITS ABOUT ONE OF MR. MASSEY'S PRIOR CONVICTIONS AND SENTENCES, MADE WITH RECKLESS DISREGARD OF THE TRUTH, WARRANTED A FRANKS HEARING .............12

   A. The Affiants Acted with Reckless Disregard ..........................13

   B. The False Information in the Affidavits Was Material.............14

i

CONCLUSION..................................................................................................16

CERTIFICATE OF COMPLIANCE....................................................................17

CERTIFICATE OF SERVICE ...........................................................................18

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases:**

*Bryan v. United States*,
524 U.S. 184 (1998)..................................................................................................8

*Franks v. Delaware*,
438 U.S. 154 (1978)................................................................................ 2, 12, 13, 15

*Greer v. United States*,
593 U.S. 503 (2021)..................................................................................................3

*Griffin v. California*,
380 U.S. 609 (1965)................................................................................................11

*Humbert v. Mayor & City Council of Baltimore City*,
866 F.3d 546 (4th Cir. 2017) .................................................................................13

*Illinois v. Gates*,
462 U.S. 213 (1983)................................................................................................14

*In re Winship*,
397 U.S. 358 (1970)................................................................................................12

*Miller v. Prince George's County, MD*,
475 F.3d 621 (4th Cir. 2007) .................................................................................13

*Natural Res., Inc. v. Wineberg*,
349 F.2d 685 (9th Cir. 1965) ...................................................................................7

*Rehaif v. United States*,
588 U.S. 225 (2019)...............................................................................................3, 9

*Sandstrom v. Montana*,
442 U.S. 510 (1979)................................................................................................12

*Texaco, Inc. v. Borda*,
383 F.2d 607 (3d Cir. 1967) .....................................................................................7

*United States v. Banks*,
104 F.4th 496 (4th Cir.), *cert. denied,* 145 S.Ct. 338 (2024) ..........................9, 10

*United States v. Barnes*,
520 F. Supp. 946 (D.D.C. 1981)...............................................................................7

*United States v. Barronette*,
46 F.4th 177 (4th Cir. 2022) ............................................................ 4, 9, 10

*United States v. Bridgeman*,
523 F.2d 1099 (D.C. Cir. 1975) ...........................................................7

*United States v. Burgos*,
94 F.3d 849 (4th Cir. 1996) (en banc) ...................................................5

*United States v. Cornell*,
780 F.3d 616 (4th Cir. 2015) ...............................................................9

*United States v. Gary*,
528 F.3d 324 (4th Cir. 2008) .............................................................14

*United States v. Heyward*,
42 F.4th 460 (4th Cir. 2022) ...................................................... 4, 9, 10, 11

*United States v. Kiza*,
855 F.3d 596 (4th Cir. 2017) ........................................................... 8-9

*United States v. Marion*,
404 U.S. 307 (1971) ...........................................................................7

*United States v. McBride*,
676 F.3d 385 (4th Cir. 2012) .............................................................12

*United States v. McDowell*,
745 F.3d 115 (4th Cir. 2014) .............................................................14

*United States v. Moody*,
2 F.4th 180 (4th Cir. 2021) .................................................................8

*United States v. Powell*,
469 U.S. 57 (1984) .............................................................................8

*United States v. Robertson*,
68 F.4th 855 (4th Cir. 2023) ...............................................................4

*United States v. Sanchez*,
118 F.3d 192 (4th Cir. 1997) .............................................................12

*United States v. Schnabel*,
939 F.2d 197 (4th Cir. 1991) ...............................................................7

**Constitutional Provisions:**

U.S. Const. amend. V ................................................................11

**Statutes:**

18 U.S.C. § 921 ....................................................................4

18 U.S.C. § 921(a)(20)(B) ...................................................4

18 U.S.C. § 922(g)(1)......................................................*passim*

# SUMMARY OF ARGUMENT

The United States prosecuted Lester Massey, Jr. (Mr. Massey") under 18 U.S.C. § 922(g)(1) for being a misdemeanant in possession of ammunition. To establish his guilt, the government had to prove beyond a reasonable doubt that on August 11, 2023, Mr. Massey knowingly possessed ammunition *and* that he knew at that time that when he was sentenced in Maryland state court in 2009 and 2012 to terms of imprisonment of less than two years, he faced maximum prison sentences of more than two years.

Mr. Massey's opening brief demonstrated that, even viewing the evidence and reasonable inferences in the light most favorable to the government, the prosecution failed to prove beyond a reasonable doubt that in August 2023 Mr. Massey knew the maximum sentence referenced in court proceedings and documents 14 and 11 years earlier.

The government's response evades its failure of proof in multiple ways. Responding to a sufficiency argument, the government pointlessly devotes two full pages to statements by Mr. Massey that the jury never heard, Answering Brief for the United States ("Gov't Br.") at 4-5, and its objection to the exclusion of this evidence. *Id.* at 5 n.2. It engages in impermissible burden-shifting by arguing that Mr. Massey never denied knowing the maximum sentences in his prior cases, *id.* at 16, ignoring the defendant's right to remain silent and the fact that his

plea of not guilty placed at issue all elements of the § 922(g)(1) offense, including knowledge. And it ineffectually seeks to distinguish a trio of recent cases in which this Court reversed § 922(g)(1) convictions where the evidence failed to prove the defendants' knowledge of the facts that made them prohibited persons. *Id.* at 16-17.

When the focus is placed where it belongs, on the government's trial evidence, the record makes clear that the government failed to prove beyond a reasonable doubt that in 2023, Mr. Massey recalled that in state court proceedings in 2009 and 2012 — proceedings in which he received actual sentences of less than two years imprisonment — he was also advised that the statutory maximum penalties exceeded two years. Because of that failure of proof, his conviction should be reversed.

The district court also erred in not holding a *Franks* hearing. The government admits that its search warrant affidavits falsely stated that Mr. Massey had been convicted of a felony and falsely stated that he had received an actual sentence exceeding one year. Federal agents whose work required them to understand Maryland criminal law acted with reckless disregard when they relied on summary information in a law enforcement database rather than examine the readily-available original state court records for Mr. Massey's prior cases. As a result, they submitted affidavits that significantly misstated evidence about Mr. Massey's knowledge of the facts that made him a prohibited person under the federal firearms statutes,

material information that was necessary to the magistrate judges' findings of probable cause.

<u>**ARGUMENT**</u>

I. **THE JURY VERDICT WAS NOT SUPPORTED BY PROOF BEYOND A REASONABLE DOUBT THAT IN 2023 MR. MASSEY KNEW THE FACTS ABOUT HIS PRIOR STATE LAW MISDEMEANOR CONVICTIONS THAT MADE HIM A PERSON PROHIBITED FROM POSSESSING AMMUNITION**

Title 18 U.S.C. § 922(g)(1) makes it unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition…." In *Rehaif v. United States*, 588 U.S. 225 (2019), the Supreme Court "clarified the *mens rea* requirement for firearms-possession offenses, including the felon-in-possession offense" so that [i]n felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm." *Greer v. United States*, 593 U.S. 503, 505-06 (2021) (emphasis in original) (citing *Rehaif*, 588 U.S. at 237). Since *Rehaif,* the elements of a § 922(g)(1) offense are that (1) the defendant was previously convicted of an offense that made him a prohibited person, (2) the defendant knew the facts that made him a prohibited person, (3) the defendant knowingly possessed the firearm or ammunition, and (4) the possession was in or

3

affecting commerce. *See United States v. Robertson*, 68 F.4th 855, 862 (4th Cir. 2023).

Because some states punish specified misdemeanors by imprisonment for more than one year, § 922(g)(1) prohibits individuals who have been convicted of certain non-felony offenses from possessing firearms and ammunition. But proving that the defendant, at the time of a § 922(g)(1) offense, knew the facts about a prior conviction that barred him from possessing a firearm or ammunition is trickier in the Alice-in-Wonderland thicket of 18 U.S.C. § 921, where "[t]he term 'crime punishable by imprisonment for a term exceeding one year' does not include … any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20)(B). Accordingly, "where the defendant's qualifying predicate conviction is a state-law misdemeanor, that means the government must 'prove that [the defendant] knew, when he possessed the firearm, that his prior state conviction was punishable by more than two years of imprisonment.'" *United States v. Barronette*, 46 F.4th 177, 199-200 (4th Cir. 2022) (quoting *United States v. Heyward*, 42 F.4th 460, 469 (4th Cir. 2022)).

### A. The Government Did Not Prove That Mr. Massey Knew, More than a Decade Later, That He Had Been Convicted of Misdemeanor Offenses Punishable by More Than Two Years of Imprisonment

#### 1. The Government's Evidence Was Insufficient

When considering a challenge to the sufficiency of the evidence, the proper test is whether, "viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the Government, ... the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 863 (4th Cir. 1996) (en banc) (internal quotation marks omitted). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id*. (internal quotation marks omitted). The government did not meet this burden.

When Mr. Massay was sentenced in 2009 and 2012 in the state misdemeanor cases that underpin this federal prosecution for possession of ammunition, he was never sentenced to, and never served, a term of actual imprisonment of more than two years. The government nevertheless maintains that in 2023, he should have recalled from those proceedings that he had been convicted of offenses that were punishable by imprisonment for more than two years. It bases this argument on state court documents and judicial proceedings in which the court suspended all but one year of various prison terms. *See* Gov't Br. at 12-13 (citing JA880-882 ("3 years

5

suspend all but 1 year"); JA893-896 ("Poss PSP – 4 years" with "Part of Sentence Execute: 1 year"); JA914-915 (Massey acknowledging sentence was "three years" with "all but one year" suspended); JA1019 (Massey states prior sentence was "three years suspend all but one" and acknowledges that probation violation could result in being "sentenced to serve the balance of the three years in this case")). The government presented the jury with no evidence that after 2012 Mr. Massey ever saw these documents again, or made any statements about the maximum sentences in his cases.

None of these state court records or transcripts from 2009 through 2012 proved beyond a reasonable doubt that in August 2023, Massey remembered the maximum possible (as opposed to actual) jail time in his misdemeanor cases. No reasonable finder of fact could accept the scant evidence that was presented as adequate and sufficient to support a conclusion of Mr. Massey's guilt beyond a reasonable doubt. The government presented the jury with no direct evidence of Mr. Massey's knowledge in 2023. It presented no evidence from which his knowledge in 2023 could be inferred. And it presented no evidence that Mr. Massey in 2023 willfully blinded himself to facts about his ancient convictions, precluding any conclusion that the jury (which was not instructed on a willful blindness theory) could "impute the element of knowledge to the defendant" because "the evidence

indicates that he purposely closed his eyes to avoid knowing what was taking place around him." *United States v. Schnabel*, 939 F.2d 197, 203 (4th Cir. 1991).

Moreover, the verdict cannot be sustained on the theory that a reasonable jury could have properly presumed that Mr. Massey must have remembered the information about maximum sentences that was communicated in the prior state proceedings. Such a presumption would be improper. The Supreme Court has recognized the common-sense proposition that "[p]assage of time … may impair memories." *United States v. Marion,* 404 U.S. 307, 321 (1971). Courts over many decades have recognized the difficulty in remembering events from many years earlier. *See Texaco, Inc. v. Borda,* 383 F.2d 607, 609 (3d Cir. 1967) ("[i]t is a fact of life, too, that the memory of events already dating back some eleven years grow dim with the inexorable march of time, even on the part of one on the sunny side of the proverbial three score and ten years"); *United States v. Barnes,* 520 F. Supp. 946, 959 n.15 (D.D.C. 1981) ("there are not many individuals who can remember with specificity events that occurred more than twelve years ago"); *see generally Natural Res., Inc. v. Wineberg*, 349 F.2d 685, 692 (9th Cir. 1965) ("the fact cannot be denied that memory tends to dim, recollection to grow faint, and impressions to vanish, with the passage of time"); *United States v. Bridgeman*, 523 F.2d 1099, 1112 (D.C. Cir. 1975) ("[m]emories inevitably dim with the passage of time"). As a matter of common sense, what a defendant remembers a decade after

7

his or her conviction is the length of the sentence imposed and the amount of time served, not the maximum potential sentence referenced in court documents and/or a colloquy with the judge.

Mr. Massey agrees that in a § 922(g)(1) prosecution, the government does not have to prove a culpable state of mind or knowledge of the law, and that "the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense." *United States v. Moody,* 2 F.4th 180, 198 (4th Cir. 2021) (quoting *Bryan v. United States*, 524 U.S. 184, 192–93 (1998). As applied here, *Moody* simply means that the government had to prove that in 2023, when he allegedly possessed the ammunition, Massey knew the required fact — that years earlier he had been convicted of a crime whose maximum term of imprisonment exceeded two years. It failed to do so.

> **2. A Sufficiency Review of the Government's Evidence Cannot Consider Excluded Evidence That Was Not Presented to the Jury**

Sufficiency review involves considering the evidence adduced at trial and considered by the factfinder. *United States v. Powell,* 469 U.S. 57, 67 (1984). By definition, sufficiency review in an appeal of a verdict in a criminal jury trial is limited to determining whether, viewing the evidence in the light most favorable to the government, substantial evidence supports the jury's conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Kiza*, 855 F.3d 596, 601 (4th Cir.

2017); *United States v. Cornell*, 780 F.3d 616, 630 (4th Cir. 2015). Evidence that was never presented to a jury plays no part in sufficiency review.

Accordingly, this Court should not consider the excluded statements set forth in Gov't Br. at 4-5. It speaks volumes that the government felt compelled to direct the Court's attention to such obviously extraneous and irrelevant material.

**B.      This Court's Decisions in *Heyward*, *Barronette*, and *Banks* Support Overturning Mr. Massey's Conviction**

Since *Rehaif,* this Court has reversed numerous § 922(g)(1) convictions because the government failed to present sufficient proof that the defendant knew the facts that made him a prohibited person. The government argues that cases such as *Heyward*, *Barronette*, and *United States v. Banks,* 104 F.4th 496, 514-16 (4th Cir.), *cert. denied,* 145 S.Ct. 338 (2024), are distinguishable because this Court reviewed pre-*Rehaif* proceedings for plain error rather than reviewing for sufficiency of the evidence a jury verdict in a case with *Rehaif*-compliant jury instructions. Gov't Br. at 15-16. This argument ignores the fundamental teachings of *Heyward*, *Barronette*, and *Banks*: this Court's assessment about what facts are and are not probative of the knowledge element of a § 922(g)(1) offense, its focus on the significant difference to a criminal defendant between actual and potential sentences, and its rejection of unrealistic presumptions about what defendants in state court misdemeanor proceedings actually understand about their maximum exposure.

As previously noted, in reversing a § 922(g)(1) conviction in *Heyward,* this Court focused on the fact that the defendant had received a one-year suspended sentence and six months' probation for the disqualifying misdemeanor offense, 42 F.4th at 470, and found no probative value in legal requirements that would have required the defendant to be informed of the maximum penalty. *Id.* at 470 n.6. In *Barronette*, the Court again focused on the difference between actual and potential sentences, because the state judge had "suspended the vast majority of that sentence, raising a question as to whether [the defendant] *actually knew* he had been convicted of a crime punishable by more than two years when he possessed a firearm *several years later.*" 46 F.4th at 201 (emphasis added). And in *Banks,* the Court reached the same conclusion in where the defendant's entire state sentence had been suspended. 104 F.4th at 515.

The difference between the plain error and sufficiency standards of review does not undermine these common-sense conclusions. As in *Barronette*, the judges in Mr. Massey's cases "suspended the vast majority of" his sentences and never sentenced him to more than two years in prison. In *Barronette*, this Court granted relief because the facts "call[ed] into question whether a jury would have convicted [a defendant] had they been required to find beyond a reasonable doubt that he knew at the time of his firearm possession that he had been convicted of a crime punishable by more than two years." 46 F.4th at 201. By the same token, in this very similar

case no reasonable jury could have found beyond a reasonable doubt that Mr. Massey knew at the time of his possession of ammunition in 2023 that he had been convicted years earlier of crimes punishable, but not actually punished, by more than two years imprisonment.

In sum, it ultimately makes no difference whether the government's failure of proof is viewed through the lens of plain error or sufficiency of the evidence. In both scenarios, the government's failure of proof was far too consequential to sustain a felony conviction under § 922(g)(1).

**C.      Any Requirement That Mr. Massey Prove Lack of Knowledge of Operative Facts Would Violate Due Process**

The government further argues that Mr. Massey's conviction should be affirmed because, unlike the defendant in *Heyward*, who denied knowledge of the facts the made him a prohibited person, "Massey has never made such a denial here, nor realistically could he." Gov't Br. at 16.

To the extent that the government's argument is that a sufficiency of the evidence challenge to a jury verdict should be rejected because Mr. Massey did not present any evidence at trial denying knowledge of the predicate facts about his prior convictions, such an argument is dismayingly wrong. Mr. Massey, of course, had a Fifth Amendment right not to be compelled to testify. *Griffin v. California*, 380 U.S. 609, 611-12 (1965). He made the requisite denial of knowledge through his plea of

11

not guilty, as it is elementary that "a defendant's plea of not guilty places at issue all elements of the charged crimes," including intent and knowledge. *United States v. McBride,* 676 F.3d 385, 398 (4th Cir. 2012); *United States v. Sanchez,* 118 F.3d 192, 196 (4th Cir. 1997). And it is impermissible to shift to the defense the burden of disproving knowledge or any other element. *In re Winship*, 397 U.S. 358, 364 (1970); *Sandstrom v. Montana,* 442 U.S. 510, 524 (1979) (due process forbids shifting to the defendant the burden of proof on a requisite element of mental state). The government's argument that Mr. Massey's silence in any way mitigates its failure of proof is without merit.

**II.  MATERIALLY FALSE REPRESENTATIONS AND OMISSIONS IN SEARCH WARRANT AFFIDAVITS ABOUT ONE OF MR. MASSEY'S PRIOR CONVICTIONS AND SENTENCES, MADE WITH RECKLESS DISREGARD OF THE TRUTH, WARRANTED A *FRANKS* HEARING**

Special Agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") swore out the search warrant affidavits that misstated Mr. Massey's 2009 state court conviction, both as to the offense of conviction ("Possession with Intent to Distribute Controlled Substance," a felony under Maryland law) and the sentence ("18 months confinement"). JA26, JA56, JA92. The government admits "that the affidavits' description of the first conviction contained inaccuracies." Gov't Br. at 26. Then it unpersuasively attempts to minimize the significance of the false information. Regardless of whether the incorrect information in the affidavits is

treated as a false statement about the 2009 conviction or an omission of material information, it provided the issuing magistrate judge with a materially false picture of Mr. Massey's criminal history.

### A.    The Affiants Acted with Reckless Disregard

The government claims that the affiants did not act intentionally or with reckless disregard of the truth, as *Franks* requires. Not so. "Reckless disregard can be evidenced" if the officer "entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported," *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 556 (4th Cir. 2017) (citations omitted), or "failed to inform the judicial officer of facts he knew would negate probable cause," *Miller v. Prince George's County, MD*, 475 F.3d 621, 627 (4th Cir. 2007). The record here satisfies that standard.

ATF agents work on § 922(g)(1) cases day in and day out. ATF agents in Maryland are well-versed in the peculiarities of Maryland criminal law, where serious offenses such a narcotics conspiracies are classified as misdemeanors and many sentences involve more suspended time than actual imprisonment. They know that a complete picture a suspect's criminal history requires examination of the actual state court records. The affiants knew — and if they didn't, the Assistant United States Attorneys who signed off on the search warrant affidavits knew — that this Court has acknowledged periodic inaccuracies with information in the

National Crime Information Center ("NCIC") database. *See United States v. McDowell,* 745 F.3d 115, 121 (4th Cir. 2014) ("some case law does support McDowell's contention that the NCIC database is fallible," although "the limited available evidence suggests that the NCIC database is generally (albeit not always) accurate."). At a minimum, the affiants had obvious reasons to doubt the accuracy of the NCIC information they utilized in their sworn submissions. Their failure to examine the primary source materials before presenting incorrect information to federal magistrate judges demonstrated reckless disregard for the truth.

### B. The False Information in the Affidavits Was Material

The government also contests materiality. But the mischaracterization of Mr. Massey's criminal history was demonstrably material. An application for a search warrant must provide a basis for a magistrate judge to find that there is probable cause for a search. *United States v. Gary*, 528 F.3d 324, 328 (4th Cir. 2008). Probable cause suggests that there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Possession of firearms and ammunition is presumptively legal. In Mr. Massey's case, the affidavits had to provide a basis for a magistrate judge to conclude that in 2023 Mr. Massey knew the facts that made him a prohibited person and consequently made otherwise legal firearms and ammunition in his possession contraband or evidence of a crime.

An affidavit that represents that a person was convicted of a felony and was sentenced to 18 months of actual imprisonment establishes probable cause as to the person's knowledge of facts that make him a prohibited person. A person who is convicted of a felony and sentenced to 18 months in prison is not likely to forget that the maximum penalty exceeded one year. On the other hand, a person who is convicted of a misdemeanor and sentenced to less than two years in prison is far more likely, over the course of more than a decade, to forget what the maximum sentence might have been. If the affidavit had described Mr. Massey's 2009 conviction truthfully — as a misdemeanor for which Mr. Massey received an actual sentence that did not exceed one year of imprisonment, let alone two — then for the same reasons discussed in Section I it would not have made the requisite showing of Mr. Massey's knowledge in 2023.

The government investigated and prosecuted under § 922(g)(1) a non-violent offender who had never been convicted of a felony. During its investigation of a potential federal felony charge predicated on ancient misdemeanor convictions, the government should have dotted every "i" and crossed every "t." It recklessly failed to do so. The district court should have ordered a *Franks* hearing.

## CONCLUSION

This Court should reverse Mr. Massey's conviction or grant the alternative relief set forth in the conclusion to his opening brief.

Respectfully submitted,

/s/ Stuart A. Berman
Stuart A. Berman, Esq.
Lerch, Early & Brewer, Chtd.
7600 Wisconsin Avenue, Suite 700
Bethesda, MD 20814
saberman@lerchearly.com
(301) 657-0729
*Attorney for Lester Massey, Sr.*

Dated: April 24, 2026

**CERTIFICATE OF COMPLIANCE REGARDING**
**FEDERAL RULE OF APPELLATE PROCEDURE 32(a)(7)**
**AND LOCAL RULE 32(b)**

1.    This Opening Brief of Appellant has been prepared in a proportionally spaced typeface using Microsoft Word, Times New Roman, 14 point.

2.    Exclusive of the table of contents; table of citations; certificate of compliance and the certificate of service, this Opening Brief of Appellant contains 3,562 words.

3.    I understand that a material misrepresentation can result in the court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and a copy of the word or line printout.

/s/ Stuart A. Berman
Stuart A. Berman, Esq.

## CERTIFICATE OF SERVICE

I certify that, on April 24, 2026, I electronically filed the foregoing Reply Brief of Appellant with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ Stuart A. Berman
Stuart A. Berman, Esq.